UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ELENA ASTURIAS AND CARLOTA DEL PORTILLO,**<br><br>         **Plaintiffs,**<br><br>         **v.**<br><br>**NATIONSTAR MORTGAGE, LLC, VERIPRISE PROCESSING SOLUTIONS,** *et al.***,**<br><br>         **Defendants.** | Case No.: 15-CV-3861 YGR<br><br>**ORDER DENYING MOTION TO REMAND; ORDER GRANTING MOTION TO DISMISS COMPLAINT WITH LEAVE TO AMEND**<br><br>**DKT. NOS. 6, 15** |

Plaintiffs Elena Asturias and Carlota Del Portillo ("Plaintiffs") bring this foreclosure-related action against Defendants Nationstar Mortgage LLC ("Nationstar") and Veriprise Processing Solutions LLC ("Veriprise") regarding the real property located at 176 Randall Street, San Francisco, California 94131 (the "Property"). Plaintiffs allege claims for: (1) violation of Cal. Civil Code § 2923.5; (2) violation of Cal. Civil Code § 2923.6; (3) violation of Cal. Civil Code § 2923.7; (4) declaratory relief pursuant to Cal. Civil Code § 2924.11; (5) unfair business practices; (6) set aside trustee's sale; (7) cancellation of trustee's deed upon sale; and (8) quiet title.  The complaint in this action was originally filed in the Superior Court of the State of California, in and for the County of San Francisco on July 22, 2015, and was removed to this Court on September 4, 2015.

Plaintiffs have filed a motion to remand this action to the San Francisco Superior Court (Dkt. No. 15), which Defendants oppose.  Defendants have filed a Motion to Dismiss the complaint for failure to state a claim upon which relief can be granted. (Dkt. No. 6.)  Plaintiffs oppose the motion to dismiss.

Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the Court hereby Orders that: (1) the Motion to Remand is **DENIED**; and (2) the Motion to Dismiss the complaint is **GRANTED WITH LEAVE TO AMEND**.[1]

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument. Accordingly, the Court **VACATES** the hearing set for **November 3, 2015**.

**I.   MOTION TO REMAND**

A federal court has diversity jurisdiction if the action is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). In the instant action, Plaintiffs concede that there is diversity of citizenship, but contend that Defendants cannot establish that the amount in controversy exceeds the jurisdictional limit. In assessing the amount in controversy, a court must "assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter,* 199 F.Supp.2d 993, 1001 (C.D.Cal.2002). "[T]he party seeking removal under diversity bears the burden of showing, by a preponderance of the evidence, that the amount in controversy exceeds the statutory amount." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 397 (9th Cir. 2010). The propriety of jurisdiction is determined by the facts at the time of removal. *Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1237 (9th Cir. 2014) (generally, the amount in controversy is determined from the pleadings as they exist at the time a petition for removal is filed).

As part of claims alleged in their Complaint, Plaintiffs seek to set aside and cancel the trustee's sale of the Property and to quiet title. They also pray for injunctive, equitable, and declaratory relief respecting title to the Property, as well as damages for the alleged wrongdoing.

In a case where the central matter at issue in the litigation is title to a piece of real property, the valuation of the property is the appropriate measure of the amount in controversy. *Reyes v. Wells Fargo Bank, N.A.*, No. C-10-01667JCS, 2010 WL 2629785, at *4-6 (N.D. Cal. June 29, 2010) (citing *Hunt v. Wash. State Apple Adver. Comm'n,* 432 U.S. 333, 347 (1977)); *see also Garfinkle v. Wells Fargo Bank*, 483 F.2d 1074, 1076 (9th Cir. 1973) (where title to property was the object of the litigation, market value or value of secured interest in property were both appropriate measures of amount in controversy). Here, the original amount of the deed of trust was $1,000,000.00 and the property sold at a trustee's sale for $1,277,739.99. (Dkt. No. 1, Notice of Removal, Exh. A [verified Complaint] at Exh. A [deed of trust]; Dkt. No. 7, Request for Judicial

Notice at Exh. 6 [Trustee's Deed Upon Sale].)[2] Thus, the amount in controversy exceeds $75,000.00.

Plaintiffs assert that the exclusive jurisdiction doctrine, applicable to cases in which a state court has taken *in rem* jurisdiction over a piece of real property, warrants remand. *See Chapman v. Deutsche Bank Nat'l. Trust Co.*, 651 F.3d 1039, 1043 (9th Cir. 2011) (when "one court is exercising *in rem* jurisdiction over a *res*, a second court will not assume *in rem* jurisdiction over the same *res*."). The doctrine, without more, does not aid their motion to remand. Plaintiffs argue that there is an unlawful detainer case concerning the Property, pending in San Francisco Superior Court. However, Plaintiffs offer no evidence of the pendency of that case, when it was filed, and whether the question of title having been "duly perfected" was raised in that action. *Cf. Malkoskie v. Option One Mortgage Corp.*, 188 Cal. App. 4th 968, 974 (2010) (in an unlawful detainer proceeding under California Civil Code 1161a, limited issues pertaining to the validity of title obtained in a trustee's sale can be raised and conclusively resolved).[3] Absent evidence that title was at issue in an unlawful detainer proceeding pending at the time of removal, Plaintiffs have not established a basis for the exclusive jurisdiction doctrine to apply here.

Likewise, Plaintiffs' argument that the court should remand this action to the state court based upon abstention under *Colorado River Water Conserv. Dist. v. United States,* 424 U.S. 800 (1976), is without merit. A court has authority under the *Colorado River* doctrine to abstain from exercise of its jurisdiction if the controversy presented can be resolved more expeditiously in pending state court proceedings concerning the same subject matter. *Will v. Calvert Fire Ins. Co.,* 437 U.S. 655, 662-63 (1978). The *Colorado River* doctrine is only invoked upon demonstration of "exceptional circumstances," given the primary obligation of the federal courts to exercise the jurisdiction given to them. *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25-

---

[2] Defendants seek judicial notice of documents recorded with the San Francisco Assessor-Recorder regarding the Property, some of which duplicate the documents attached to Plaintiffs' Complaint. (Dkt. No. 7.) The documents are an appropriate subject for judicial notice. Defendants' Request for Judicial Notice is **GRANTED**.

[3] The Court is unable to ascertain the status of alleged unlawful detainer proceedings through a search of public dockets. Public access to filings and dockets in unlawful detainer proceedings is restricted by Cal. Code of Civil Proc. section 1161.2(a).

3

26 (1983); *see Colorado River,* 424 U.S. 817.  Plaintiffs' have not shown that the state court action here concerns the same subject matter, *i.e.*, *title* to the Property.

The motion to remand is therefore **DENIED**.[4]

## II.  MOTION TO DISMISS

Defendants move to dismiss the Complaint[5] on the grounds that: (1) Plaintiffs' claims arising under the California Homeowners' Bill of Rights ("HBOR"), including the claims under Civil Code sections 2923.5, 2923.6, and 2923.7, all fail because the subject loan is not covered by the statutory scheme; and (2) Plaintiffs' have not alleged facts to support their claims.

The Complaint attaches documents showing that the loan on the Property was secured by a deed of trust in the name of Plaintiff Del Portillo.  However, as the Complaint alleges, Del Portillo does not reside at the Property.  The judicially noticeable documents indicate that a notice of default ("NOD") was recorded on the Property in 2010, and a notice of trustee's sale ("NOTS") was recorded in 2013.  (RJN, Exh. 2 and 3.)  Thereafter, the 2010 NOD and 2013 NOTS were rescinded.  (RJN, Exh. 2).  A new NOD was recorded January 14, 2015, on the Property, and a new NOTS was recorded April 20, 2015.  (RJN, Exh. 4 and 5.)  Thereafter, the Property was sold at a trustee's sale, on July 10, 2015, and title transferred to the foreclosing beneficiary, U.S. Bank, N.A., as Trustee for Structured Adjustable Rate Mortgage Loan Trust, Mortgage Pass-Through Certificates, Series 2005-23. (RJN, Exh. 6.)  The Complaint alleges that "Plaintiff" submitted a loan modification application in December 2014 and did not receive any communications from defendants in response.  (Complaint ¶31, 35.)

### A.   HBOR Limited to Owner-Occupied Properties

However, the HBOR is limited in its application to only foreclosures of first liens on owner-occupied, one-to-four unit properties. Cal. Civ. Code § 2924.15( a).  Under the HBOR, "owner-occupied" means that the home "the principal residence of the borrower and is security for a loan

---

[4] Plaintiffs' citation to 28 U.S.C. § 1452(b) as a basis for equitable remand of this action also fails, as that statute only applies to removal of claims related to bankruptcy cases.  This action was not removed under section 1452.

[5] The Court notes that Defendants' motion did seek dismissal of the eighth claim for relief in the Complaint to quiet title, which was alleged only against an unnamed Doe defendant.

made for personal, family, or household purposes." Cal. Civ. Code § 2924.15; *see also Agbowo v. Nationstar Mortg. LLC,* 14-cv-1295 LLB, 2014 WL 1779367, at *5 (N.D.Cal. May 5, 2014) (dismissing HBOR claim because plaintiffs failed to allege subject property was owner-occupied).

    The only borrower on the loan is Del Portillo, but the Complaint does not allege that she lives at the Property. Only Asturias is alleged to reside at the Property. (Complaint ¶ 1.) In their opposition to the motion, Plaintiffs assert that Del Portillo negligently failed to allege that she "permanently resides" at the Property, and seeks leave to amend to so allege. (Oppo. at 7:12-16.) Given Plaintiffs' concession that they have failed to plead coverage by the HBOR statutes they invoke, the Court Orders that the motion to dismiss Plaintiffs' claims under California Civil Code sections 2923.55, 2923.6, 2923.7, as well as the derivative claim for unfair business practices under California Business & Professions Code section 17200 which relies on these alleged violations is **GRANTED WITH LEAVE TO AMEND**. Plaintiffs must allege facts to show that the HBOR applies to the loan at issue if they are able to do so consistent with their Rule 11 obligations.[6]

    Defendants raised additional arguments for dismissal of the HBOR claims, contending that they are insufficiently and vaguely alleged. In their opposition, Plaintiffs assert that the allegations are minimally sufficient, though at the same time offering additional information to clarify the merits of those claims. Given the Court's ruling granting dismissal based on the threshold issue above, the Court need not and does not rule on the specifics of Defendants' additional arguments. However, Plaintiffs are given leave to amend their HBOR claims to allege facts to clarify the basis of their claims thereunder.

---

[6] Defendants, in addition to filing a reply brief, filed an "Opposition to Plaintiffs' Request for Leave To Amend Claims Under California's Homeowner Bill of Rights," urging the Court to consider evidence in the form of a declaration of counsel and attached exhibits. Defendants argue that this evidence establishes Del Portillo's primary residence is 84 Berkeley Way, San Francisco, and that the Property at issue in this litigation is a rental property occupied by Asturias, her daughter. (Dkt. No. 17.) Thus Defendants contend the Court should either dismiss the Complaint without leave to amend based on the evidence, or should require Plaintiffs to submit evidence that she resides at the Property with any amended complaint. Even if the evidence offered by Defendants were presented in an admissible form, which it is not, the Court cannot consider evidence in connection with a motion to dismiss. The Court hereby **STRIKES** Docket No. 17 as improperly filed.

**B.     Sixth and Seventh Claims to Set Aside Trustee's Sale and Cancel Trustee's Deed**

Defendants seek dismissal of Plaintiffs' claims to set aside trustee's sale and to cancel the trustee's deed upon sale, arguing that Plaintiffs have failed to state with specificity the facts demonstrating their supposed misrepresentations about postponing the foreclosure sale of the Property. Defendants also contend that Plaintiffs must allege unconditional tender of the full amount owed in order to proceed.

Plaintiffs respond that they have alleged facts to show that they fall into "recognized exceptions to the tender requirement under California law." (Oppo. at 12:22-23.) They contend that, in addition to the HBOR violations in connection with the foreclosure on the Property, Defendants conducted the Trustee's sale of the property without notice and contrary to representations and agreements to postpone the sale. However, no facts regarding such misrepresentations or agreements are alleged. To the extent Plaintiffs rely on an agreement, they must allege the terms of the agreement. To the extent that they rely on a misrepresentation, the heightened pleading requirements of Federal Rule of Civil Procedure 9(b) would apply.

The Court **GRANTS** the motion to dismiss the sixth and seventh claims **WITH LEAVE TO AMEND** to allege the factual basis for the relief with the required specificity.

**III.     CONCLUSION**

Based upon the foregoing, the Motion to Remand is **DENIED** and the Motion to Dismiss the Complaint is **GRANTED WITH LEAVE TO AMEND**. Plaintiffs shall file their amended complaint no later than **November 17, 2015**. Defendants shall have 21 days thereafter to file their response.

This terminates Docket Nos. 6 and 15.

**IT IS SO ORDERED**.

Date: October 30, 2015

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**