UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ELENA ASTURIAS, et al.,

    Plaintiffs,

v.

NATIONSTAR MORTGAGE LLC, et al.,

    Defendants.

Case No. 15-cv-03861-RS

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

## I.    INTRODUCTION

Plaintiffs Elena Asturias and Carlota Del Portillo financed and purchased a property at 176 Randall Street in San Francisco, California. They fell behind on their mortgage payments and submitted an application for a loan modification. Eventually, Nationstar Mortgage LLC became the loan servicer for the mortgage, and defendants U.S. Bank, N.A., and Veriprise Processing Solutions LLC were substituted as the trustees. Asturias and Del Portillo contend that all defendants did not comply with various provisions of the Homeowner Bill of Rights ("HBOR"). They advance the following eight claims for relief: (1) violation of California Civil Code § 2923.5; (2) violation of California Civil Code § 2923.6; (3) violation of California Civil Code § 2923.7; (4) declaratory relief pursuant to California Civil Code § 2924.11; (5) violation of the Unfair Competition Law ("UCL"), California Business and Professions Coe § 17200 *et seq.*; (6) to

set aside the trustee's sale; and (7) cancellation of the trustee's deed upon sale.[1] Defendants move to dismiss the FAC. This matter is suitable for disposition without oral argument pursuant to Local Rule 7-1(b).

Having failed to plead adequately these claims initially, the court granted Asturias and Del Portillo leave to amend their complaint. Dkt. 24. The First Amended Complaint ("FAC") suffers from many of the same deficiencies as did its predecessor. Specifically, the FAC does not include a critical factual averment without which their HBOR claims cannot proceed: that 176 Randall Street was plaintiffs' *principal* residence. Asturias and Del Portillo have also failed to satisfy the requirements of Federal Rule of Civil Procedure 9(b) to establish that any defendants engaged in fraudulent conduct. Finally, they have not adequately pleaded valid and unconditional tender to set aside the trustee's sale and cancel the trustee's deed. Given these deficiencies, the FAC must be dismissed. Asturias and Del Portillo have one final opportunity to amend their complaint, provided they can do so in good faith.

## II.     FACTUAL AND PROCEDURAL HISTORY[2]

In October 2005, Asturias and Del Portillo entered into a mortgage agreement with All California, Inc., in the amount of $1,000,000, and secured by the property at 176 Randall Street. The Deed of Trust named Fidelity National Title the trustee. In April 2010, US Bank National Association was substituted as the trustee, and, at some point, Bank of America, N.A., replaced All California, Inc., as the loan servicer. During BOA's tenure as plaintiffs' loan servicer, they submitted an application for a loan modification. Plaintiffs[3] aver that they "never received a written determination on the status of the application" before BOA sold its interest in the loan to

---

[1] Although the FAC lists a claim to quiet title in the caption, plaintiffs have not made such a claim in the body of their FAC. This order addresses only the seven claims specifically advanced.

[2] Because Defendants have filed a motion to dismiss, all facts alleged in the FAC are taken as true for the purpose of this motion.

[3] The complaint refers to "plaintiff" and "plaintiffs" throughout the complaint. Asturias and Del Portillo must be more specific about who did what should they choose to file a second amended complaint.

Nationstar. Subsequently, they submitted a new application for loan modification to Nationstar, but never received a written determination on the status of the application prior to the foreclosure sale of the property.

In January 2015, Veriprise became the trustee under the Deed of Trust and recorded a Notice of Default and Election to Sell Under Deed of Trust. A declaration from a Veriprise employee was attached to the Notice of Default, stating that Veriprise had contacted plaintiffs to assess their financial situation and explore options to avoid foreclosure, but had not heard from plaintiffs in the past thirty days. In April 2015, a Notice of Trustee's Sale was recorded, announcing that the sale of the 176 Randall Street property would take place on July 10, 2015. The property sold at the July foreclosure sale. RJN Ex. 6.[4]

Shortly after the sale, in August 2015, Asturias and Del Portillo filed this suit in San Francisco County Superior Court. Defendants removed the case to federal court and filed a motion to dismiss the complaint. Plaintiffs sought a remand to San Francisco Superior Court. The court denied the motion to remand and granted with leave to amend defendants' motion to dismiss. Plaintiffs have now filed their FAC, and defendants have renewed their efforts to dismiss the complaint with prejudice.

### III.  LEGAL STANDARD

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). "[D]etailed factual allegations are not required," but a complaint must provide sufficient factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007)). In addition, "in allegations of fraud or mistake, a party must state with particularity the circumstances constituting fraud and mistake." Fed. R. Civ. P. 9(b). To satisfy this requirement, a plaintiff must plead "the who, what, when,

---

[4] Defendants seek judicial notice of documents recorded with the San Francisco Assessor-Record regarding the 176 Randall Street property, most of which are attached to the complaint. Because the records are appropriate for judicial notice, the defendants' request is granted.

where, and how that would suggest fraud." *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997) (internal quotation marks omitted). "A plaintiff must set forth *more* than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation marks and alteration omitted).

Federal Rule of Civil Procedure 12(b)(6) provides a mechanism to test the legal sufficiency of the averments in the complaint. Dismissal is appropriate when the complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint in whole or in part is subject to dismissal if it lacks a cognizable legal theory or the complaint does not include sufficient facts to support a plausible claim under a cognizable legal theory. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When evaluating a complaint, the court must accept all its material allegations as true and construe them in the light most favorable to the non-moving party. *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard requires "more than a sheer possibility that the defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted). When plaintiffs have failed to state a claim upon which relief can be granted, leave to amend should be granted unless "the complaint could not be saved by any amendment." *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002).

## IV.   DISCUSSION

### A.   Claims 1-4:  The HBOR Claims

Plaintiffs' Claims 1 through 4 all arise under California's HBOR—a set of provisions enacted to forestall some of the worst effects of the homeowner foreclosure crisis. The provisions of the HBOR obligate lenders to provide certain information to borrowers, to issue written determinations regarding the borrower's eligibility for a loan application, and to provide a single point of contact for borrowers seeking loan modification. *See* Cal. Civ. Code §§ 2923.5-.7. The

HBOR also provides borrowers a cause of action for injunctive relief if a trustee's deed upon sale has not been recorded. *Id.* § 2924.12. To invoke the protections of these provisions, however, the property at issue must be "owner-occupied," which "means that the property is the principal residence of the borrower and is security for the loan made for personal, family, or household purposes." *Id.* § 2924.15.

Asturias and Del Portillo have not adequately pleaded facts that would entitle them to pursue the HBOR remedies they seek. The FAC avers that plaintiffs "reside in real property" at 176 Randall Street. FAC ¶ 1. A person can reside in multiple homes, but the HBOR's apply only to the borrower's principal, i.e., chief or primary residence. Because the FAC remains ambiguous as to whether 176 Randall Street is the primary residence of both Asturias and Del Portillo, defendants' motion to dismiss claims 1-4 is granted. Plaintiffs insist that they can adequately plead this critical fact if given the opportunity. Even though Asturias and Del Portillo have already received a second chance and failed to meet their burden, they are granted one final chance to plead their HBOR claims if they can do so adequately and in good faith.

**B. Claim 5: The UCL Claim**

Section 17200 of California's Unfair Competition Law ("UCL") prohibits all unlawful, unfair, or fraudulent business acts or practices. Cal. Bus. & Prof. Code § 17200 *et seq.* Each of these three types of business acts or practices are independently actionable; "a plaintiff may show that the acts or practices at issue are either unlawful *or* unfair *or* deceptive." *Walker v. Countrywide Home Loans, Inc.*, 98 Cal. App. 4th 1158, 1169 (2002). "A business practice is 'unlawful' if it is forbidden by law." *Id.* (internal quotation marks omitted). "Unfair" business practices are those which "offend[] an established public policy"; are "immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers"; or those which do not outweigh "the gravity of the harm to the alleged victim." *Id.* at 1169-70 (internal quotation marks omitted). Finally, a business practice is "deceptive" if "members of the public are likely to be deceived." *Id.* at 1170.

To raise a claim under the UCL, however, a plaintiff must aver facts showing that she has

"suffered an injury in fact and . . . lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204.  Asturias and Del Portillo must therefore include facts in their complaint that establish a "'causal connection' between [defendants'] alleged UCL violation and [their] injury in fact." *Rubio v. Capital One Bank*, 613 F.3d 1195, 1203-04 (9th Cir. 2010) (quoting *Hall v. Time Inc.*, 158 Cal.App.4th 847, 855 (2008)).

The only averment that addresses causation is extremely conclusory.  Asturias and Del Portillo claim, "Plaintiff did not get the benefit of making her loan current, and paid penalties and interest on back dues Plaintiff should not have owed, suffered the irreparable harm of permanently losing her home, as well as" the lost opportunity to pursue other foreclosure prevention options, the costs and attorney's fees, and consequential damages.  FAC ¶ 26.  This type of conclusory, threadbare averment is insufficient to state a claim for relief.  *Iqbal*, 556 U.S. at 678.  First, the complaint speaks of one plaintiff, but Asturias and Del Portillo are both plaintiffs.  Which of them suffered these damages is anyone's guess.  Second, plaintiffs have not explained with sufficient specificity exactly how defendants caused their damages.  To the extent they rely on violations of the HBOR to form the basis of their claim under the "unlawful" prong, that claim must fail because they have not pleaded violations of the HBOR.

Nor have plaintiffs adequately pleaded a claim under the "unfair" prong of the UCL. Asturias and Del Portillo accuse defendants of "dual-tracking" their applications for loan modification.  Dual tracking is a pejorative term referring to the practice of working with a borrower who is exploring alternatives to foreclosure while pursuing foreclosure at the same time. Plaintiffs claim that defendants never intended to grant the application for loan modification and failed to follow various notification procedures designed to encourage non-foreclosure resolution of a default.  At least they have attempted to tether their claim to activity that "violat[es] the policy or spirit" of the HBOR, but they have not pleaded facts to conclude that had defendants behaved differently, then the 176 Randall property would not have been sold.

Finally, to state a claim under the "fraud" prong of the UCL, Asturias and Del Portillo must satisfy the pleading requirements of Federal Rule of Civil Procedure 9(b).  *Garcia v. Sony*

1   *Computer Entm't Am.*, *LLC*, 859 F. Supp. 2d 1056, 1061 (N.D. Cal. 2012).  They have fallen well

2   short of that mark.  There is nothing in the FAC to determine the "who, what, when, where, and

3   how" to suggest that defendants were involved in any fraudulent conduct.  *Cooper*, 137 F.3d at

4   627 (internal quotation marks omitted).  Accordingly, plaintiffs' fifth claim for relief must be

5   dismissed with one final chance to amend if they can.

**C. Claims 6 and 7:  To Set Aside the Trustee Sale and Cancel the Trustee's Deed**

"After a nonjudicial foreclosure sale has been completed, the traditional method by which the sale is challenged is a suit in equity to set aside the trustee's sale." *Lona v. Citibank, N.A.*, 202 Cal. App. 4th 89, 103 (2011).  That remedy is generally available only in three circumstances: procurement of the foreclosure decree by fraud; "where the sale has been improperly, unfairly or unlawfully conducted, or is tainted by fraud"; or "where there has been a mistake" and equity requires setting aside the sale.  *Id.* at 103 (internal quotation marks omitted).  To prevail on a claim to set aside the trustee sale, a mortgagor-plaintiff must prove "(1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust"; (2) the sale prejudiced the plaintiff; and (3) that she "tendered the amount of the secured indebtedness or was excused from tendering." *Id.* at 104.  Because this claim for relief sounds in fraud, Rule 9(b) applies.

Asturias and Del Portillo have failed to meet their pleading burden.  "[F]ailure to comply with the statutory procedural requirements for the notice or conduct of sale" ordinarily satisfies the first element.  *Id.*  Most of the "procedural irregularities" referenced in the complaint are connected with defendants' failure to follow the requirements of the HBOR.  For the reasons previously discussed, plaintiffs have not pleaded adequately that those procedural requirements apply to them.  Moreover, Asturias and Del Portillo have not outlined any information that would establish fraudulent conduct.  For example, the FAC does not include any information about when defendants allegedly told them that they would not proceed with foreclosure or who made that promise.  Nor have plaintiffs offered any explanation as to how they changed their position based on these supposed falsehoods.  Absent those critical details, Asturias and Del Portillo cannot

obtain the relief they seek.

Finally, Asturias and Del Portillo have not averred that they made a valid offer "to pay back what the plaintiff has received less interest and finance charges." *Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177, 1184 (N.D. Cal. 2009). Instead, they aver willingness and ability to "tender funds to satisfy the alleged deficiency," but they expressly admit that they "did not tender those funds" because defendants informed them that the sale would not proceed as a result of the review of the loan modification application. FAC ¶ 59. The FAC is ambiguous about whether Asturias and Del Portillo are ready and willing to pay the full amount of their debt unconditionally. To start, the complaint does not contain any information about the total debt at issue. Plaintiffs are equally equivocal about the total funds at their disposal to pay the outstanding debt. Finally, they have averred only that they will tender "funds," not that they will tender the full amount. Without an unconditional offer to tender full performance, plaintiffs cannot state a claim to set aside the trustee sale. *Arnolds Mgmt. Corp. v. Eischen*, 158 Cal. App. 3d 575, 580 (1984) (citing Cal. Civ. Code § 1486).

In sum, plaintiffs have not satisfied the heightened pleading requirement of Rule 9(b). Nor have they pleaded adequate tender. Accordingly, Claim 6 must be dismissed with one last opportunity to amend the complaint.

### V.   CONCLUSION

Plaintiffs have not stated viable claims for relief. Accordingly, the FAC is dismissed with leave to amend.

**IT IS SO ORDERED**.

Dated: January 29, 2016

_____
RICHARD SEEBORG
United States District Judge