UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELENA ASTURIAS, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>NATIONSTAR MORTGAGE LLC, et al.,<br><br>　　　　Defendants. | Case No. 15-cv-03861-RS<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT** |

## I.   INTRODUCTION

Plaintiffs Elena Asturias and Carlota Del Portillo financed and purchased a property at 176 Randall Street in San Francisco, California, but fell behind on their mortgage payments, which resulted in the sale of the property. Contending defendants failed to comply with the Homeowner Bill of Rights ("HBOR"), plaintiffs advance a host of claims for relief: (1) violation of California Civil Code § 2923.5; (2) violation of California Civil Code § 2923.6; (3) violation of California Civil Code § 2923.7; (4) declaratory relief pursuant to California Civil Code § 2924.11; (5) violation of the Unfair Competition Law ("UCL"), California Business and Professions Code § 17200 *et seq.*; (6) to set aside the trustee's sale; (7) cancellation of the trustee's deed upon sale; and (8) quiet title. Defendants move to dismiss the Second Amended Complaint ("SAC"). Pursuant to Local Rule 7-1(b) this matter is amenable to disposition without argument.

Asturias and Del Portillo have received three opportunities to state claims for relief. Each time they have filed nearly identical pleadings heavy with quotations from the California Civil Code and light on facts. This dearth of details doomed the complaint and the First Amended Complaint ("FAC"), as it does the SAC. Because plaintiffs have failed to state claims for relief despite having three opportunities to do so, their claims for relief must be dismissed without

further leave to amend.

## II.     FACTUAL AND PROCEDURAL HISTORY[1]

In October 2005, Asturias, Del Portillo, or both[2] entered into a mortgage agreement with All California, Inc., in the amount of $1,000,000, and secured by the property at 176 Randall Street. The Deed of Trust named Fidelity National Title the trustee. In April 2010, US Bank National Association was substituted as the trustee, and, at some point, Bank of America, N.A., replaced All California, Inc., as the loan servicer. During BOA's tenure as plaintiffs' loan servicer, plaintiffs submitted an application for a loan modification to BOA. They "never received a written determination on the status of the application" before BOA sold its interest in the loan to Nationstar. Subsequently, plaintiffs submitted a new application for loan modification to Nationstar, but never received a written determination on the status of the application prior to the foreclosure sale of the property.

In January 2015, Veriprise became the trustee under the Deed of Trust and recorded a Notice of Default and Election to Sell Under Deed of Trust. Attached to the Notice of Default was a declaration from a Veriprise employee, who stated that Veriprise had contacted plaintiffs to assess their financial situation and explore options to avoid foreclosure, but had not heard from plaintiffs in the past thirty days. In April 2015, a Notice of Trustee's Sale was recorded, announcing that the sale of the 176 Randall Street property would take place on July 10, 2015. The property sold at the July foreclosure sale.

Shortly after the sale, in August 2015, Asturias and Del Portillo filed this suit in San Francisco County Superior Court. Defendants removed the case to federal court and filed a motion to dismiss the complaint. Plaintiffs sought a remand to San Francisco Superior Court. The

---

[1] Because Defendants have filed a motion to dismiss, all facts alleged in the SAC are taken as true for the purpose of this motion. In addition, defendants request judicial notice of documents recorded with the San Francisco Assessor-Record regarding the 176 Randall Street property, most of which are attached to the complaint. Plaintiffs do not oppose this request. Because the records are appropriate for judicial notice, the defendants' request is granted.

[2] The SAC defines "plaintiff" as both Del Portillo and Asturias.

court denied the motion to remand and granted with leave to amend defendants' motion to dismiss. Subsequently, plaintiffs filed a First Amended Complaint ("FAC"), which was also deficient for three reasons. First, Asturias and Del Portillo did not aver facts establishing that either of them used 176 Randall as their principal residence, as required to have standing to assert claims arising from the HBOR. Second, they did not plead fraud with sufficient particularity to satisfy the requirements of Federal Rule of Civil Procedure 9(b). Third, to set aside the trustee's sale and cancel the trustee's deed, plaintiffs had to plead unconditional tender, which they did not do. In light of these deficiencies, Del Portillo and Asturias were afforded one final opportunity to state viable claims for relief.

They have elected to file a SAC, which does not materially differ from the FAC. For the most part, the SAC includes rote recitations of the statutory provisions of the HBOR, as the FAC and the initial complaint did. There are, however, three identifiable differences. First, plaintiff inserted a paragraph clarifying that Asturias treats 176 Randall Street as her permanent residence, but Del Portillo resides elsewhere to tend to her ailing spouse. SAC ¶ 27. Plaintiffs also expanded upon the paragraph addressing their willingness and ability to tender funds to cure the deficiency. Finally, plaintiffs added a new claim for relief: cancellation of the trustee's deed upon sale. Defendants contend none of these additions cure the pleading deficiencies present in the complaint and FAC, and that inclusion of an eighth claim for relief is improper.

### III. LEGAL STANDARD

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). "[D]etailed factual allegations are not required," but a complaint must provide sufficient factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007)). In addition, "in allegations of fraud or mistake, a party must state with particularity the circumstances constituting fraud and mistake." Fed. R. Civ. P. 9(b). To satisfy this requirement, a plaintiff must plead "the who, what, when, where, and how that would suggest fraud." *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)

(internal quotation marks omitted). "A plaintiff must set forth *more* than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation marks and alteration omitted).

Federal Rule of Civil Procedure 12(b)(6) provides a mechanism to test the legal sufficiency of the averments in the complaint. Dismissal is appropriate when the complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint in whole or in part is subject to dismissal if it lacks a cognizable legal theory or the complaint does not include sufficient facts to support a plausible claim under a cognizable legal theory. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When evaluating a complaint, the court must accept all its material allegations as true and construe them in the light most favorable to the non-moving party. *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard requires "more than a sheer possibility that the defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted). When plaintiffs have failed to state a claim upon which relief can be granted, leave to amend should be granted unless "the complaint could not be saved by any amendment." *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002).

## IV. DISCUSSION

### A. Standing to Raise HBOR Claims

Plaintiffs' Claims 1 through 4 all arise under California's HBOR—a set of provisions enacted to forestall some of the worst effects of the homeowner foreclosure crisis. The provisions of the HBOR obligate lenders to provide certain information to borrowers, to issue written determinations regarding the borrower's eligibility for a loan application, and to provide a single point of contact for borrowers seeking loan modification. *See* Cal. Civ. Code §§ 2923.5-.7. The HBOR also provides borrowers a cause of action for injunctive relief if a trustee's deed upon sale

has not been recorded. *Id.* § 2924.12.  HBOR protections apply only to first lien mortgages or deeds of trust secured by owner-occupied, one-to-four unit properties. *Id.* § 2924.15.  An "owner-occupied" property is "the principal residence of the borrower and is security for the loan made for personal, family, or household purposes." *Id.*

The FAC was deficient because plaintiffs did not aver that 176 Randall Street was their principal residence.  Plaintiff added a new paragraph, which provides:  "The Subject Property is the primary (principal) residence of Elena Asturias.  Carlota Del Portillo is her mother who currently lives away in order to support her husband who is currently in assisted living." SAC ¶ 27.[3]  Defendants contend this does not remedy the problem because Del Portillo cannot claim 176 Randall Street as her principal residence and Asturias is not the "borrower" on this loan.  According to defendants, Del Portillo is the only borrower listed on the promissory note, which is not attached to the complaint or included in defendants' request for judicial notice.  As the complaints that came before it, the SAC is not a model of clarity—particularly with respect to which plaintiff did what.  The SAC exacerbates this confusion by defining the term "Plaintiff" to mean *both* Asturias and Del Portillo.  SAC ¶ 1.

Despite this confusing choice, plaintiffs have pleaded sufficient facts to show they are entitled to HBOR protections.  On the first point, defendants are technically correct; the SAC does not establish that 176 Randall Street is currently Del Portillo's principal residence.  Nevertheless, construing the facts in the light most favorable to plaintiffs, the SAC suggests Del Portillo used 176 Randall Street as her principal residence at the time she initiated the loan, thereby bringing the loan within the protections of the HBOR.

As to defendants' second point, there is nothing in the SAC or documents submitted for judicial notice to determine whether Asturias signed the promissory note.  The October 2005 deed of trust lists both Asturias and Del Portillo as "borrowers."  RJN Ex. 1.  Moreover, the notices of

---

[3] The SAC contains two paragraphs with the number 27.  One immediately precedes the heading for first claim for relief under the heading "GENERAL FACTUAL ALLEGATIONS."  The second follows the heading "FIRST CAUSE OF ACTION."

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS THE SAC
CASE NO. 15-cv-03861-RS
5

default, trustee's sale, and rescission reference the deed of trust executed by Asturias and Del Portillo, suggesting both women were "borrowers" within the meaning of the HBOR. *See* RJN Exs. 2-5. At this stage, it would be improper to accept as true defendants' representation that Asturias's name is absent from the promissory note. Thus, the SAC includes the absolute minimum facts necessary to establish that Asturias and Del Portillo have the right to invoke the HBOR's protections.

### B. Claim 1: Violation of Cal. Civ. Code § 2923.55

Mortgage servicers, mortgagees, trustees, beneficiaries, and authorized agents may not record a notice of default until they satisfy certain requirements. *See* Cal. Civ. Code § 2923.55(a). First, they must send the borrower "[a] statement that the borrower may request" copies of the "promissory note or other evidence of indebtedness," the deed of trust or mortgage, any assignment of the borrower's deed of trust, and "the borrower's payment history since the borrower was last less than 60 days past due." *Id.* § 2923.55(b)(1)(B)(i)-(iv). If the mortgage servicer has satisfied the requirements of section 2923.55, they must wait 30 days after making initial contact with the borrower in accordance with section 2923.55(b)(2), or after satisfying the due diligence requirements designed to ensure servicers attempt to make contact with the borrower. *Id.* § 2923.55(a)(2), (f). Defendants contend the SAC fails to establish a section 2923.55 violation because plaintiffs do not aver that they did not receive a statement of their right to request documents or that defendants did not make contact with Asturias or Del Portillo as required by section 2923.55(b)(1).

Plaintiffs have not responded to defendants' arguments in favor of dismissal, which amounts to a concession. *Angeles v. U.S. Airways, Inc.*, No. C 12-05860 CRB, 2013 WL 622032, at *4 (N.D. Cal. Feb. 19, 2013). In any event, they have not pleaded sufficiently any violation of section 2923.55.

The SAC includes few factual details about the alleged violation of section 2923.55. One or both of the plaintiffs contacted requested the documents listed in section 2923.55(b)(1)(B), but this subsection does not require mortgage services actually to supply the documents; it requires

only that the mortgage servicer provide "[a] statement that the borrower may request" them. *See id.* § 2923.55(a)-(b). Plaintiffs further contend defendants violated the statute by failing to follow the due diligence requirements of section 2923.55(f). Those steps are not required, however, if the mortgage servicer makes contact with the borrower in accordance with section 2923.55(b)(2). Yet, the declaration of the mortgage servicer attached to the notice of default states, "The mortgage servicer has contacted the borrower pursuant to California Civil Code § 2923.55(b)(2) and "[t]hirty days, or more, have passed since the initial contact was made." RJN Ex. 4; *see also* Compl. Ex. D. Thus, plaintiffs have failed to plead *facts* giving rise to a violation of 2923.55. Instead, they *assert* the declaration is false. That bald assertion is insufficient to state a claim for relief. Because plaintiffs have thrice failed to plead a violation of section 2923.55 and their claim apparently arises from a misreading of the statute, no leave to amend will be granted.

### C. Claim 2: Violation of Cal. Civ. Code § 2923.6

"Dual tracking"—the practice of pursuing foreclosure while a borrower's loan modification application is still pending—was one of the unsavory business practices the California legislature sought to curb by passing the HBOR. *Rockridge Trust v. Wells Fargo, N.A.*, 985 F. Supp. 2d 1110, 1149 (N.D. Cal. 2013) (citing *Jolley v. Chase Home Fin., LLC*, 213 Cal.App.4th 872, 904 (2013)). To that end, section 2923.6 provides that if a mortgage servicer offers a first lien loan modification, and the borrower has submitted a completed application, the mortgage servicer "shall not record a notice of default, notice of sale, or conduct a trustee's sale" while the application is pending unless certain requirements are met. Cal. Civ. Code § 2923.6(c). "[A]n application shall be deemed 'complete' when a borrower has supplied the mortgage servicer with all documents required by the mortgage servicer within the reasonable timeframes specified by the mortgage servicer." *Id.* § 2923.6(h). Mortgage servicers need not review applications submitted prior to January 1, 2013, which were "evaluated or afforded a fair opportunity to be evaluated for a first lien loan modification" "unless there has been a material change in the borrower's financial circumstances since the date of the borrower's previous application and that change is documented by the borrower and submitted to the mortgage servicer." *Id.* § 2923.6(g).

Plaintiffs contend one or both of them submitted an application for a loan modification by fax to defendants' "loss mitigation department," but never received any written response before defendants recorded a notice of default. SAC ¶ 35. They have offered no other facts to support the claims, and have therefore failed to state a claim for relief. Plaintiffs fail to identify which defendant supposedly received the application for a loan modification. There is no information regarding whether the application plaintiffs sent was offered by a mortgage servicer, what were the documentary requirements of the application, or whether they had applied for a loan modification before. These threadbare averments are insufficient to state a claim for relief even though plaintiffs have had three opportunities to state cognizable claims. Their inability to do so on the third try warrants the conclusion they are incapable of stating a claim for relief under section 2923.6, and thus the claim will be dismissed without leave to amend.

### D.  Claim 3:  Violation of Cal. Civ. Code § 2923.7

When a borrower requests "a foreclosure prevention alternative," the mortgage servicer must "establish a single point of contact" and a means to communicate with that person. Cal. Civ. Code § 2923.7(a). Plaintiffs insist one (or both) of them requested a foreclosure prevention alternative from one (or all) of defendants sometime after January 1, 2013, but never received the contact information of the single point of contact. Defendants challenge the sufficiency of the averments, and plaintiffs have failed to respond, amounting to a concession.

In any event, plaintiffs have not stated a viable claim for a material violation of section 2923.7. The SAC does not provide any information regarding the date of contact, how plaintiffs initiated contact, or even from whom a foreclosure prevention alternative was sought. In addition, plaintiffs have not pleaded facts establishing why defendants' alleged failure to provide a single point of contact was material. Violations of HBOR are actionable only if they are "material." Cal. Civ. Code § 2924.12(b). Plaintiffs nakedly assert defendants' alleged violation of section 2923.7 caused numerous harms, but they have not pleaded any facts to demonstrate how the supposed failure to provide a single point of contact made any difference at all. Without these critical details—absent for a third time—plaintiffs cannot state a claim for relief under section 2923.7, and

thus it must be dismissed without leave to amend.

### E. Claim 4: Violation of Cal. Civ. Code § 2924.12

Section 2924.12 created remedies for material violations of the HBOR. *See* Cal. Civ. Code § 2924.12. The type of remedy available depends on, whether the trustee's deed upon sale has been recorded, *compare id.* § 2924.12(a), *with id.* § 2924.12(b), or whether the mortgage servicer's conduct was intentional or reckless, *id.* § 292412(b). Judicially noticeable documents confirm the trustee's deed upon sale of 176 Randall Street has been recorded, and therefore plaintiffs' only available remedy is an award of actual damages or treble or statutory damages should they prove the defendants acted recklessly or intentionally. *See id.* § 292412(b). These remedies are available only if plaintiffs have stated viable claims for relief for material violations of other provisions of the HBOR. They have not. Thus, plaintiffs' fourth claim for relief must be dismissed without leave to amend.

### F. Claim 5: The UCL Claim

The UCL prohibits all unlawful, unfair, or fraudulent business acts or practices. Cal. Bus. & Prof. Code § 17200 *et seq.* Each of these three types of business acts or practices are independently actionable; "a plaintiff may show that the acts or practices at issue are either unlawful *or* unfair *or* deceptive." *Walker v. Countrywide Home Loans, Inc.*, 98 Cal. App. 4th 1158, 1169 (2002) (emphasis in original). "A business practice is 'unlawful' if it is forbidden by law." *Id.* (internal quotation marks omitted). "Unfair" business practices are those which "offend[] an established public policy"; are "immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers"; or those which do not outweigh "the gravity of the harm to the alleged victim." *Id.* at 1170 (internal quotation marks omitted). Finally, a business practice is "deceptive" if "members of the public are likely to be deceived." *Id.* at 1170.

To raise a claim under the UCL, however, a plaintiff must aver facts showing that she has "suffered an injury in fact and . . . lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204. Asturias and Del Portillo must therefore include facts in their complaint establishing a "'causal connection' between [defendants'] alleged UCL violation and

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS THE SAC
CASE NO. 15-cv-03861-RS
9

[their] injury in fact." *Rubio v. Capital One Bank*, 613 F.3d 1195, 1203-04 (9th Cir. 2010) (quoting *Hall v. Time Inc.*, 158 Cal.App.4th 847, 855 (2008)).

The FAC included one conclusory averment addressing causation, which was insufficient to demonstrate standing. Plaintiffs have not altered the wording of their UCL claim in the slightest. Without any facts supporting a nexus between defendants' actions and the harm plaintiffs suffered, their UCL claims cannot advance.

Moreover, even if plaintiffs had adequately pleaded standing to pursue a claim arising under the UCL, the SAC is devoid of the factual averments necessary to state claims under any of the three prongs. Asturias and Del Portillo presumably rely upon the alleged HBOR violations to serve as the basis for their claim that defendants' conduct was "unlawful." Yet, those claims are not pleaded sufficiently, and therefore their UCL claim cannot piggyback on these deficiently pleaded claims.

In addition, to plead a claim for fraudulent conduct, plaintiffs must satisfy the heightened pleading requirements of Federal Rule of Civil Procedure 9(b) and include "the who, what, when, where, and how that would suggest fraud." *Cooper*, 137 F.3d at 627 (internal quotation marks omitted). The SAC does not come remotely close to satisfying that standard. Who contacted which defendant when, or any other important detail that might establish fraud, are missing from the SAC. Accordingly, plaintiffs have not pleaded fraud with sufficient particularity.

Finally, plaintiffs contend defendants' conduct was unfair because defendants did not comply with the HBOR's requirements. They have not included facts supporting that contention, and therefore may not use the alleged HBOR violations to prove defendants' conduct was unfair.

In sum, even if plaintiffs had standing to pursue claims for UCL violations, the SAC does not include enough factual detail to permit such claims to advance. They will not have leave to amend the complaint a fourth time.

### G. Claims 6 and 7: To Set Aside the Trustee Sale and Cancel the Trustee's Deed

"After a nonjudicial foreclosure sale has been completed, the traditional method by which the sale is challenged is a suit in equity to set aside the trustee's sale." *Lona v. Citibank, N.A.*, 202

Cal. App. 4th 89, 103 (2011). That remedy is generally available only in three circumstances: procurement of the foreclosure decree by fraud; "where the sale has been improperly, unfairly or unlawfully conducted, or is tainted by fraud"; or "where there has been a mistake" and equity requires setting aside the sale. *Id.* (internal quotation marks omitted). To prevail on a claim to set aside the trustee sale, a mortgagor-plaintiff must prove "(1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust"; (2) the sale prejudiced the plaintiff; and (3) that she "tendered the amount of the secured indebtedness or was excused from tendering." *Id.* at 104. Because these claims for relief sound in fraud, Rule 9(b) applies.

Asturias and Del Portillo have failed to meet their pleading burden again for the same reason they failed to do so in the FAC. Indeed, the FAC and SAC are identical with respect to the factual basis pleaded in support of the sixth and seventh claims for relief. Thus, Asturias and Del Portillo have once again failed to outline any information that would establish fraudulent conduct or to satisfy Rule 9(b)'s pleading requirements.

Finally, as before, Asturias and Del Portillo have not averred that they made a valid offer "to pay back what the plaintiff has received less interest and finance charges." *Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177, 1184 (N.D. Cal. 2009). Instead, they aver willingness and ability to "tender funds to satisfy the alleged deficiency," but they expressly admit that they "did not tender those funds" because defendants informed them that the sale would not proceed as a result of the review of the loan modification application. SAC ¶ 59. Instead, plaintiffs assert they were not required to tender funds because defendants lacked authority to initiate the sale. "Tender may not be required where it would be inequitable to do so." *Onofrio v. Rice*, 55 Cal. App. 4th 413, 424 (1997) (internal quotation marks omitted). The California Court of Appeal has held such a circumstance arises when the mortgage servicer violates California Civil Code § 2923.5 because "the whole point of section 2923.5 is to create a new, even if limited right, to be contacted about the possibility of *alternatives* to full payment of arrearages." *Mabry v. Superior Court*, 185 Cal. App. 4th 208, 225 (2010) (emphasis in original). Finally, when a sale

would be void, tender is unnecessary. *Lester v. J.P. Morgan Chase Bank*, 926 F. Supp. 2d 1081, 1093 (N.D. Cal. 2013) (citing *Dimock v. Emerald Props. LLC*, 81 Cal. App. 4th 868, 876 (2000)).

None of these circumstances is present here, however, because plaintiffs have failed to plead a viable violation of section 2923.5. Nor have they averred sufficient facts to conclude the sale of 176 Randall Street was void. Accordingly, they have not demonstrated they are relieved of the tender requirement.

In sum, plaintiffs have not satisfied the heightened pleading requirement of Rule 9(b). Nor have they pleaded adequate tender. Accordingly, Claims 6 and 7 must be dismissed. That plaintiffs have been unable to cure pleading deficiencies when given the opportunity suggests they cannot rectify these problems. Therefore, leave to amend is not granted.

### H. Quiet Title

The FAC did not include an eighth claim for relief to quiet title even though the caption suggested one might appear in the body of the pleadings. In contrast, the SAC includes such a claim. Defendants move to dismiss this claim outright because plaintiffs never sought leave to add this eighth claim for relief. Plaintiffs do not respond, amounting to a concession that they failed to follow proper procedure.

Even if they had responded, this claim for relief may not advance because plaintiffs' claimed entitlement to quiet title is predicated on alleged violations of the HBOR. The fact they have not sufficiently stated violations of those provisions dooms their eighth claim for relief. Plaintiffs do not have leave to amend this or any other claims.

### V.   CONCLUSION

Asturias and Del Portillo have failed adequately to plead claims for relief after three opportunities to do so. The motion to dismiss is therefore granted without leave to amend.

**IT IS SO ORDERED**.

Dated: April 22, 2016

_____
RICHARD SEEBORG
United States District Judge