UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ELENA ASTURIAS, et al.,

    Plaintiffs,

v.

NATIONSTAR MORTGAGE LLC, et al.,

    Defendants.

Case No. 15-cv-03861-RS

**ORDER DENYING PLAINTIFFS' MOTION FOR RELIEF FROM THE JUDGMENT AND A NEW TRIAL**

**I. INTRODUCTION**

Plaintiffs Elena Asturias and Carlota Del Portillo have a mortgage secured by real property at 176 Randall Street in San Francisco. Defendants Nationstar Mortgage LLC, Veriprise Processing Solutions LLC, and U.S. Bank National Association (collectively "defendants") have obtained judgment in their favor after plaintiffs failed to state claims for relief despite having three opportunities to do so. Plaintiffs now seek relief from judgment and a fourth chance to amend their complaint based on an alleged intervening change in the law brought about by *Yvanova v. New Century Mortgage Corp.*, 62 Cal. 4th 919, 925 (2016).

Yet, the "change" plaintiffs identified is insufficient to warrant relief from the judgment because it did not provide a new avenue of relief. At all times leading to their final judgment, plaintiffs could have advanced this claim and relied upon the theory of standing articulated in *Glaski v. Bank of Am., Nat'l Ass'n*, 218 Cal. App. 4th 1079, 1082 (2013)—the very case the *Yvanova* court affirmed. Plaintiffs have not articulated sufficient reason to set aside the judgment

or to order a new trial, and therefore their motions must be denied.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In October 2005, plaintiffs sought to acquire the real property 176 Randall St., San Francisco, California. To finance the purchase, Del Portillo and Asturias entered into a mortgage agreement with All California, Inc. in the amount of $1,000,000. She was required to begin making monthly payments of $5,833.33 in December 2005. The promissory Note underlying the transaction listed only Del Portillo as the borrower. The Deed of Trust, which was recorded in October 2005, identified All American Mortgage as the lender, Fidelity National Title as the trustee, Bank of America, N.A. as the Loan Servicer, and MERS as the beneficiary.

In December 2005, the relevant securitized trust was formed under New York law. The loans pooled for the Trust were, with certain exceptions, used to create Real Estate Mortgage Investment Conduits (each individually referred to as a "REMIC"); its terms were set forth in a Pooling and Servicing Agreement ("Trust Agreement") for the trust, which was governed under New York law. Under the trust agreement and REMIC provisions, all loans intended to be part of the Trust were to be acquired by the closing date on December 31, 2005, or within 90 days thereafter. Plaintiffs claim the transfer of the Note and Deed of Trust did not occur by the closing date, or 90 days thereafter. Instead, the assignment occurred four years later—on April 22, 2010—when MERS replaced Fidelity with Reconstrust as the trustee and assigned all beneficiary interest in the Note and Deed of Trust to US Bank. Plaintiffs believe this document entitled "Substitution of Trustee and Assignment" was the first recordation of an assignment since October 2005.

In early 2015, plaintiffs defaulted on the loan and failed to cure the default. Therefore, defendants ultimately proceeded to sale in July 2015. That same month, plaintiffs filed their original complaint in San Francisco County Superior Court alleging claims arising under California's Homeowner Bill of Rights. Defendants removed the case to federal court and filed a motion to dismiss the complaint. That motion to dismiss was granted, but plaintiffs received an opportunity to amend the complaint. Subsequently, plaintiffs filed their first amended complaint,

1   which also failed adequately to plead claims for relief.  Plaintiffs had one final opportunity to

2   plead their claims sufficiently, but the second amended complaint was also inadequate, and

3   therefore dismissed with prejudice in April 2016.

4         About a month later, with the benefit of new counsel, plaintiffs filed ex parte application

5   for relief from the judgment and for an extension of time to file a notice of appeal.  Good cause

6   existed to grant plaintiffs' request for extension of time, but plaintiffs had not properly noticed

7   their motion for relief from the judgment or a new trial, and it was accordingly stricken.  The very

8   next day, plaintiffs noticed the motion for relief from the judgment and a new trial and refiled the

9   same papers submitted in support of their ex parte application.  Despite the fact plaintiffs have

10   already received an extension to file a notice of appeal, they apparently request another extension.

### III. LEGAL STANDARD

12         Plaintiffs seek to reopen the judgment under two separate motions: (1) motion for relief

13   from judgment under Federal Rule of Civil Procedure 60(b)(6), and (2) motion for new trial under

14   Rule 59(a)(2).  In the alternative, they seek a second extension of time to file an appeal with time

15   starting from a ruling on these motions.

16         In the instant case, however, Rule 59(a)(2) is inapplicable because neither jury nor bench

17   trial has taken place.  Rule 59(e) allows parties to seek alteration or amendment of a judgment

18   within 28 days after the entry of judgment, whether or not it was entered as a result of trial.

19   Plaintiffs, however, do not seek to alter or to amend the judgment; they wish to vacate the

20   judgment.  Accordingly, Rule 59(e) is wholly inapplicable, and plaintiffs' motion for a new trial

21   must be denied for that reason.

22         Rule 60(b)(6) provides that "the court may relieve a party or a party's legal representative

23   from a final judgment, order, or proceeding for . . . any other reason justifying relief from the

24   operation of the judgment."  Relief from the judgment is appropriate only when it is necessary "to

25   prevent manifest injustice." *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1103 (9th Cir.

26   2006). Parties moving for relief from a judgment therefore face a high burden to show both

27   "injury and circumstances," beyond their control, that prevented them from taking "timely action

to prevent or correct an erroneous judgment." *Id.* (internal quotation marks omitted).

## IV. DISCUSSION

Plaintiffs seek to add a claim for wrongful foreclosure on the basis that there was a defect in the securitization process, and therefore the foreclosing beneficiary, U.S. Bank, did not have the right to initiate foreclosure proceedings. The specific defect they assert is that MERS failed to transfer the Note and Deed of Trust to the trust before the closing date, thereby violating the terms of the trust agreement. Plaintiffs contend this violation ruptured the chain of title, rendering the assignment and, by extension, their foreclosure void.

Acknowledging the burden to set aside a judgment is high, plaintiffs contend *Yvanova* changed the legal landscape and made available claims for relief they could not have asserted in their three complaints. Before the California Supreme Court issued its opinion in *Yvanova*, the California courts of appeal were split over the question of whether plaintiffs had standing to assert claims based on defects in the assignment. *Lundy v. Selene Fin., LP*, No. 15-CV-05676-JST, 2016 WL 1059423, at *8 (N.D. Cal. Mar. 17, 2016). On the majority side of the split was *Jenkins v. JP Morgan Chase Bank, N.A.*, 216 Cal. App. 4th 497, 507-10 (2013), which held loan borrowers were barred from asserting claims related to a securitization transaction because they were not direct victims to a defect in that transaction. Occupying a minority position was *Glaski*, which concluded in the opposite—a borrower has standing to sue for wrongful foreclosure, if the assignment by which it became beneficiary was *void*, and not *merely voidable*. *Id*.

*Yvanova* specifically overruled those courts that held the majority position. 62 Cal. 4th at 924. Specifically, the California Supreme Court concluded the distinction between void deeds and those merely voidable particularly important because "[w]hen an assignment is merely voidable, the power to ratify or avoid the transaction lies solely with the parties to the assignment." 62 Cal. 4th at 936. When an assignment is void, however, borrowers do not assert the right of the contracting parties; instead, they assert their own right to challenge a wrongful foreclosure of their home. *Id.* at 936-37. Based on this reasoning, *Yvanova* resolved the split over standing and sided with the *Glaski* court: California borrowers have standing to file claims for wrongful foreclosure

if the assignment underlying the foreclosure was void at the time of the transfer. *Id*. at 939.

Although *Yvanova* resolved a split of authority, it did not fundamentally change the substantive law governing the claims plaintiffs now assert. At all times before entry of judgment in this case, there remained the possibility the California Supreme Court would affirm *Glaski* and reject *Jenkins*. Plaintiffs could have and should have made the argument they had standing to pursue the claims they now seek to add. That they assumed they would not prevail is simply not the sort of extraordinary circumstance that warrants relief from the judgment under Rule 60(b)(6).

## IV. CONCLUSION

Plaintiffs' motion for relief under Rule 60(b)(6) is denied. If plaintiffs wish to appeal the judgment, they must file their notice of appeal within the next forty-five days.

**IT IS SO ORDERED**.

Dated: July 8, 2016

_____
RICHARD SEEBORG
United States District Judge