UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ELENA ASTURIAS, et al.,

      Plaintiffs,

    v.

NATIONSTAR MORTGAGE LLC, et al.,

      Defendants.

Case No.  15-cv-03861-RS

**ORDER DENYING PLAINTIFFS'
MOTION FOR STAY AND
INJUNCTION**

## I.  INTRODUCTION

Plaintiffs Elena Asturias and Carlota Del Portillo move for a stay of judgment pending appeal and an injunction of an ongoing unlawful detainer action currently proceeding in San Francisco Superior Court.  Pursuant to Civil Local Rule 7-1(b), the motion is suitable for disposition without oral argument, and the hearing set for December 15, 2016, is vacated.  For the reasons that follow, the motion is denied.

## II.  BACKGROUND

In October 2005, plaintiffs financed and purchased a residential property at 176 Randall Street in San Francisco.  They fell behind on their mortgage payments and unsuccessfully attempted to modify their loan, and in July 2015 the property was sold via foreclosure sale.  The same month, plaintiffs filed this action in San Francisco Superior Court, claiming defendants did not comply with various provisions of California's Homeowner Bill of Rights ("HBOR") and advancing multiple claims for relief.  Defendants removed the case to federal court, and a long and tortured motions practice has since ensued.

In September 2016, defendants filed a motion to dismiss.  Plaintiffs opposed the motion and filed a counter-motion to remand the case to state court.  On October 30, 2015, the motion to dismiss was granted and the motion to remand was denied.  Plaintiffs were allowed leave to

1   amend, and they filed their first amended complaint in November 2015.  Another motion to

2   dismiss followed, and it was granted on January 29, 2016.  Plaintiffs were again permitted leave to

3   amend, and they filed a second amended complaint the next month.  Yet another motion to dismiss

4   — a third — followed, and it was granted on April 22, 2016.  Because plaintiffs were not granted

5   further leave to amend, judgment was entered in defendants' favor that same day.

6       Apparently unwilling to accept this result, plaintiffs filed an "ex parte" motion seeking

7   relief from judgment pursuant to Federal Rules of Civil Procedure 52 and 60, a new trial pursuant

8   to Rule 59, leave to file a third amended complaint pursuant to Rule 15, reconsideration pursuant

9   to Civil Local Rule 7-9, or an extension of time to file a notice of appeal pursuant to Federal Rule

10  of Appellate Procedure 4(a)(5).  On May 23, 2016, that motion was stricken because Civil Local

11  Rule 7-2(a) forbids ex parte motions, but plaintiffs were granted a 45-day extension of time to file

12  a notice of appeal.  On August 18, 2016, plaintiffs filed a notice of appeal of the judgment and of

13  the denial of their motion on May 23.

14      Meanwhile, on September 6, 2016, defendant US Bank, National Association ("US Bank")

15  initiated unlawful detainer proceedings against Asturias and Del Portillo in San Francisco Superior

16  Court, seeking finally to evict them from the Randall Street property.  In addition to opposing the

17  unlawful detainer action in state court, plaintiffs filed this motion, ostensibly seeking a stay of the

18  judgment and an injunction preventing the unlawful detainer action from proceeding.  Although

19  plaintiffs' motion is styled as seeking both a stay and an injunction, their briefs are dedicated

20  entirely to arguing for their entitlement to an injunction.  Thus, their motion for a stay is denied.

21                              **III.  LEGAL STANDARD**

22      "While an appeal is pending from . . . [a] final judgment that grants, dissolves, or denies an

23  injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or

24  other terms that secure the opposing party's rights."  Fed. R. Civ. P. 62.  The Anti-Injunction Act,

25  however, commands that a federal court "may not grant an injunction to stay proceedings in a

26  State court except as expressly authorized by Act of Congress, or where necessary in aid of its

27  jurisdiction, or to protect or effectuate its judgments."  28 U.S.C. § 2283.  These exceptions are to

28

United States District Court
Northern District of California

1    be narrowly construed:  "Any doubts as to the propriety of a federal injunction against state court

2    proceedings should be resolved in favor of permitting the state courts to proceed in an orderly

3    fashion to finally determine the controversy."  *Atl. Coast Line R. Co. v. Bhd. of Locomotive*

4    *Engineers*, 398 U.S. 281, 297 (1970).  "A plaintiff seeking a preliminary injunction must establish

5    that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence

6    of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the

7    public interest."  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

8

## IV.  DISCUSSION

9           Plaintiffs can seek an injunction under Rule 62 because plaintiffs' complaints sought an

10    injunction, which was effectively denied when their complaints were dismissed and judgment

11    entered in defendants' favor.  Thus, plaintiffs must show the Anti-Injunction Act does not forbid

12    them from seeking an injunction, and that they are otherwise entitled to a preliminary injunction.

13

### A.  Anti-Injunction Act

14           Plaintiffs attempt to escape the Anti-Injunction Act by invoking the "necessary in aid of . .

15    . jurisdiction" exception.  28 U.S.C. § 2283.  This "exception is generally applied to in rem

16    proceedings where subsequent state court proceedings might interfere with previously filed federal

17    court jurisdiction over a *res*, in cases of advanced federal *in personam litigation*, or where a case is

18    removed from state court."  *Le v. 1st Nat. Lending Servs.*, No. 13-CV-01344-LHK, 2013 WL

19    2555556, at *2 (N.D. Cal. June 7, 2013) (citations omitted).  Plaintiffs argue the exception should

20    apply because this action is an in rem proceeding and was removed from state court.  Neither basis

21    for the exception, however, applies here.

22           To begin with, this is not an in rem proceeding; the Court does not have jurisdiction over

23    the Randall Street property in order to decide the interests in it of all persons.  *See Hanson v.*

24    *Denckla*, 357 U.S. 235, 246 n.12 (1958) ("A judgment in rem affects the interests of all persons in

25    designated property.  A judgment quasi in rem affects the interests of particular persons in

26    designated property."); *see also Scherbenske v. Wachovia Mortg., FSB*, 626 F. Supp. 2d 1052,

27    1059 (E.D. Cal. 2009) ("Here, the court does not have *in rem* jurisdiction over the real property at

28

United States District Court
Northern District of California

issue.").  Moreover, while this action was removed from state court, US Bank's unlawful detainer action — the action plaintiffs seek to enjoin — has not been removed, so the Court would not be protecting its jurisdiction by enjoining that action.  *See* Revisor's Note to 1948 Revision of the Anti-Injunction Act, 28 U.S.C. § 2283 ("The phrase 'in aid of its jurisdiction' was added to . . . make clear the recognized power of the Federal courts to stay proceedings in State cases removed to the district courts.").  Thus, no exception to the Anti-Injunction Act applies, and the Act prohibits an injunction.  Accordingly, plaintiffs' motion is denied.

## B.  Entitlement to a Preliminary Injunction

Even if the Anti-Injunction Act did not prohibit an injunction, plaintiffs would still not be entitled to an injunction because they are not "likely to succeed on the merits."  *Winter*, 555 U.S. at 20.[1]  To begin with, the claim plaintiffs argue entitles them to a preliminary injunction — a wrongful foreclosure claim — is not presently before this Court or the Court of Appeals. Plaintiffs' motion for relief from judgment and leave to file a third amended complaint sought to add the claim in an amended complaint, but that motion was denied.  Plaintiffs have partially appealed that denial to the Court of Appeals; importantly, however, their Notice of Appeal does not indicate plaintiffs are appealing the Court's denial of their motion for leave to file a third amended complaint pursuant to Federal Rule of Civil Procedure 15.  Thus, it is unlikely plaintiffs' putative wrongful foreclosure claim will ever be pleaded against defendants.  Plaintiffs would have to appeal the Court's order denying their motion for leave, succeed on their appeal, have their case remanded to this Court, and file a third amended complaint.  It is especially unlikely plaintiffs will succeed in arguing on appeal they are entitled to file a third amended complaint because, as they have demonstrated in this motion and prior motions, they seem intent on arguing California procedural law entitles them to file another complaint.  Plaintiffs have already been told federal procedural law, *not* California procedural law, governs their right to file another amended

---

[1] Defendants do not argue plaintiffs do not satisfy the other three *Winter* criteria for a preliminary injunction.

United States District Court
Northern District of California

1    complaint, and their counsel pushes against the boundary of permissible advocacy by continuing

2    to advance this argument.  *See* Fed. R. Civ. P. 11 (permitting sanctions for frivolous arguments

3    and arguments advanced for the purpose of causing unnecessary delay).  Plaintiffs' counsel has a

4    duty to her clients to familiarize herself with the Federal Rules of Civil Procedure and the seminal

5    *Erie* doctrine, which commands that federal procedural rules govern proceedings in federal court.

6    See *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).

7         If, nonetheless, the merits of the wrongful foreclosure claim are considered, plaintiffs still

8    have not shown the claim is likely to succeed.  The crux of their claim is that the assignment of the

9    deed of trust which secured their loan on the property was recorded after the deed of trust's

10   closing date, rendering the deed of trust void.  Yet even if the assignment was recorded late, the

11   deed of trust would only be rendered voidable, not void.  *Saterbak v. JPMorgan Chase Bank, N.A.*,

12   245 Cal. App. 4th 808, 815 (2016) (citing *Rajamin v. Deutsche Bank Nat'l Trust Co.*, 757 F.3d 79,

13   88-89 (2d Cir. 2014)).  None of the provisions identified by plaintiffs in the relevant trust

14   agreement alter this conclusion.  Thus, plaintiffs have not shown they have standing to bring a

15   wrongful foreclosure claim.  *Yvanova v. New Century Mortg. Corp.*, 62 Cal. 4th 919, 942-43

16   (2016) ("We conclude a home loan borrower has standing to claim a nonjudicial foreclosure was

17   wrongful because an assignment by which the foreclosing party purportedly took a beneficial

18   interest in the deed of trust was not merely voidable but void . . . .").  They are therefore unlikely

19   to succeed on the merits of their claim and are not entitled to a preliminary injunction.

**V.  CONCLUSION**

21        Plaintiffs' motion for a stay of judgment and a preliminary injunction is denied.

23   **IT IS SO ORDERED**.

25   Dated: December 8, 2016

RICHARD SEEBORG
United States District Judge

United States District Court
Northern District of California